# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FIREWORKS DISTRIBUTION CENTER, L.L.C., § § § | | |
| Plaintiff, § § | | |
| v. § | CIVIL ACTION NO. H-09-2114 | |
| § | | |
| WINCO FIREWORKS, INC., *et al.* § § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Pending before the Court is Third-Party Defendant Richard Fallin's Motion to Dismiss for Lack of Jurisdiction [Docs. # 16, # 17] ("Motion to Dismiss"). Third-Party Plaintiffs/Defendants Winco Fireworks, Inc. ("Winco I"), Winco Fireworks, Inc. ("Winco II"), David Collar, and Winco Fireworks International, L.L.C. ("Winco International") (collectively, "Third-Party Plaintiffs" or "Defendants") filed a Response [Doc. # 22], and Fallin filed a Reply [Doc. # 24]. Also pending is Third-Party Plaintiffs' Motion for Leave to Amend Original Third-Party Complaint against Fallin [Doc. # 20] ("Motion to Amend").[1] After considering the parties' submissions,

---

[1] Fallin has not filed any opposition to Third-Party Plaintiffs' Motion to Amend. He did not request an extension of time, and the time to do so has expired. *See* S.D. TEX. LOC. R. 7.3 (response to an opposed motion is due 21 days after the motion is filed).

applicable legal authorities, and pertinent matters of record, the Court **grants** Third-Party Plaintiffs' Motion to Amend, which is unopposed, and **denies** Fallin's Motion to Dismiss.

## I.     BACKGROUND

Plaintiff Fireworks Distribution Center, L.L.C. ("FDC"), is a fireworks distribution company located in Harris County, Texas, and organized under the laws of Texas. Third-Party Defendant Fallin, a resident of Texas, is a managing member of FDC. Defendants Winco I, Winco II, and Winco International are business entities organized under the laws of Kansas. Defendant Collar is an individual residing in Kansas.

Plaintiff FDC filed the instant suit on July 7, 2009, against all Defendants alleging failure to deliver certain fireworks. FDC's Original Complaint grounds subject-matter jurisdiction on diversity. *See* Original Complaint [Doc. # 1], ¶ 6. All Defendants subsequently filed a Third-Party Complaint [Doc. # 13] against Fallin alleging that Fallin released all claims he or FDC might have against Defendants/Third-Party Plaintiffs relating to the fireworks. Fallin then filed the instant Motion to Dismiss the Third-Party Plaintiffs' Complaint. Fallin argues that because both he and FDC are citizens of Texas, this Court lacks diversity jurisdiction over Third-Party Plaintiffs' claims against him.

In his Reply to the Motion to Dismiss, Fallin maintains that the Court does not have supplemental jurisdiction over the third-party claims, because 28 U.S.C. § 1367 precludes the exercise of such jurisdiction when inconsistent with the requirements of diversity jurisdiction. *See id.* § 1367(b). The Motion to Dismiss is fully briefed and ripe for decision.

Contemporaneously with filing their Response to Fallin's Motion to Dismiss, Third-Party Plaintiffs filed their Motion to Amend the Original Third-Party Complaint. The First Amended Third-Party Complaint clarifies that Third-Party Plaintiffs base their jurisdictional allegations against Fallin on supplemental jurisdiction under § 1367. Fallin has not opposed the Motion to Amend and it is **granted**.[2]

## II. LEGAL STANDARDS FOR MOTIONS TO DISMISS FOR WANT OF SUBJECT-MATTER JURISDICTION

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the

---

[2] *See* S.D. TEX. LOC. R. 7.4 (failure to respond to a motion will be taken as a representation of no opposition).

power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See, Castro v. U.S.*, 560 F.3d 381, 386 (5th Cir. 2009). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.* The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

### III.    ANALYSIS

Before the Court is Defendants/Third-Party Plaintiffs' First Amended Complaint naming Fallin as a third-party defendant. The Court therefore addresses the question of subject-matter jurisdiction in light of the First Amended Third-Party Complaint.[3] The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

---

[3]    The Motion to Dismiss is arguably technically moot, but Fallin likely would file another motion on the same grounds. The Court, in the interests of judicial economy, thus construes the Motion to Dismiss to address the First Amended Third-Party Complaint and reaches the legal issue presented.

"Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a); *Yates*, 391 F.3d at 579. Thus, the first question presented by the Motion to Dismiss is whether Third-Party Plaintiffs' claims against Fallin are so related to FDC's original claims in this case that they form "part of the same case or controversy."

In their First Amended Third-Party Complaint, Third-Party Plaintiffs allege that Fallin is a managing member of FDC and that he personally supplied the funds for the purchase of the fireworks at issue in this case. First Amended Third-Party Complaint, Exh. A to Motion to Amend [Doc. # 13-1], ¶ 9. Third-Party Plaintiffs further allege that on November 10, 2006, ten months after the point in time at which FDC alleges Third-Party Plaintiffs failed to deliver the disputed fireworks, Fallin executed an "Agreement" releasing all claims against Third-Party Plaintiffs. *Id.*, ¶ 10.[4] The crux of Third-Party Plaintiffs' claims against Fallin is that it was Fallin, not FDS that allegedly paid for the fireworks, and that Fallin has released any claim based on this payment. *Id.*, ¶ 11. Third-Party Plaintiffs' claims against Fallin clearly arise from the same case or controversy that forms the basis of FDC's claims against Third-Party Plaintiffs.

---

[4]  Third-Party Plaintiffs attached a copy of the Agreement as Exhibit A to their Original Third-Party Complaint. *See* Agreement, Exh. A to Original Third-Party Complaint [Doc. # 13-1].

Having determined that Third-Party Plaintiffs' claim against Fallin is sufficiently related to FDC's claims in this case, the Court turns to Fallin's contention that the Court nevertheless may not exercise supplemental jurisdiction over these claims because Fallin is a non-diverse party. "Where, as here, the district court's original jurisdiction is based solely on diversity, the district court does not have supplemental jurisdiction 'over claims by *plaintiffs* against persons made parties under Rule 14, 19, 20 or 24' when 'exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332, the statutory grant of diversity jurisdiction].'" *Yates*, 391 F.3d at 579 (emphasis added) (quoting 28 U.S.C. § 1367(b)). Fallin thus argues that the Court must dismiss the Third-Party Plaintiffs' claims under § 1367(b). The Court disagrees.

In *Yates*, the Fifth Circuit addressed the meaning of the word "plaintiffs" in § 1367(b). In that diversity case, an insurance company filed a declaratory judgment action against its insured. *Id.* at 577. The insured counterclaimed against the insurer, and also asserted claims against a non-diverse, third-party insurance agent. *Id.* The district court then granted the insured's motion to dismiss on the ground that the insurance agent was a necessary and indispensable party to the suit and the agent's joinder would destroy diversity and thus subject matter jurisdiction. *Id.* The Fifth Circuit reversed the district court's decision, holding that § 1367(b)'s prohibition

against claims by *plaintiffs* against non-diverse additional persons made parties under Rule 14, 19, 20, or 24 did not apply to claims asserted by a *defendant*. *Id.* at 579-80. The fact that the defendant insured had asserted a counterclaim did not make him a "plaintiff" for purposes of § 1367(b). *Id.* at 580. The *Yates* court held that "'plaintiff' in § 1367(b) refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." *Id.* (emphasis added).

Fallin attempts to distinguish *Yates* on three grounds. First, unlike the insured in *Yates*, Fallin does not seek dismissal of the entire suit, just the third-party claims asserted against him. Second, in *Yates* the third-party insurance agent was joined under Rule 19 or 20, whereas Fallin has been brought into this suit via Rule 14. Finally, in *Yates* it was the defendant insured that joined the third party and then sought dismissal, as distinct from the case at bar where the party seeking dismissal, Fallin, is not the party that initiated joinder. The Court is not persuaded by any of these arguments. None detracts from the *Yates* court's clear holding that "'plaintiff' in § 1367(b) refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." *Id.*

Pursuant to *Yates*, Defendants/Third-Party Plaintiffs' third-party claims against Fallin, which claims arise from and are part of the same case or controversy as FDC's

claims against Third-Party Plaintiffs, do not destroy diversity. This Court therefore has subject matter jurisdiction over those claims.

## IV. CONCLUSION

For the forgoing reasons, it is

**ORDERED** that Third-Party Plaintiffs' Motion for Leave to Amend [Doc. # 20] is **GRANTED.** Counsel for Third-Party Plaintiffs is directed to file the First Amended Third-Party Complaint as a separate docket entry. It is further

**ORDERED** that Fallin's Motion to Dismiss [Docs. # 16, # 17] is **DENIED.**

SIGNED at Houston, Texas, this 17th day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge