# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FIREWORKS DISTRIBUTION CENTER, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-2114 |
| WINCO FIREWORKS, INC., *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Extend Time to File Plaintiff's Second Amended Complaint [Doc. # 64] ("Motion to Amend"), to which Defendants Winco Fireworks, Inc. ("Winco I"), Winco Fireworks, Inc. ("Winco II"), David Collar, and Winco Fireworks International, L.L.C. ("Winco International") (collectively "Defendants") have responded in opposition [Doc. # 66].[1] Plaintiff has not replied and the time to do so has expired. Having reviewed the full record in this case and having applied relevant legal authorities, the Court **denies** Plaintiff's Motion to Amend as untimely.

---

[1] Also pending is Plaintiff's Emergency Motion for Expedited Hearing on Motion to Extend Time to File Plaintiff's Second Amended Complaint [Doc. # 65] ("Motion for Hearing"). The Court concludes a hearing is not necessary in this case. Plaintiff's Motion for Hearing is **denied as moot.**

Plaintiff, Fireworks Distribution Center, L.L.C. ("FDC"), is a fireworks distribution company located in Harris County, Texas. Plaintiff FDC filed the instant suit on July 7, 2009, against all Defendants alleging failure to deliver certain fireworks. All Defendants subsequently filed a Third-Party Complaint [Doc. # 13] and a Counterclaim [Doc. # 14] against Richard Fallin ("Fallin"), a managing member of FDC. Defendants allege that Fallin released all claims he or FDC might have against Defendants relating to the fireworks. Defendants also argue that the payment made by FDC and/or Fallin covered previously delivered fireworks.

On September 30, 2009, the Court held an initial pretrial conference pursuant to Federal Rules of Civil Procedure 16 and 26, and established a Docket Control Order [Doc. # 11], which set November 30, 2009, as the cutoff for amendments to pleadings in this case. The parties and the Court discussed the deadlines and all counsel signed the order as approved at the end of the conference. The deadline for amendments to pleadings was never changed.

On May 25, 2011, almost a year and a half after the deadline, Plaintiff filed the instant Motion to Amend. Plaintiff seeks to file a Second Amended Complaint, asserting new causes of action for common law fraud, fraudulent inducement, and spoliation, against Defendants. Plaintiff's Motion to Amend is now ripe for decision.

Where a scheduling order has been entered establishing a deadline for

amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

The Court is unpersuaded that the deadline to amend pleadings should be extended to permit the many new claims Plaintiff seeks to assert. Plaintiff argues that during discovery it uncovered facts that support these additional claims. Specifically, Plaintiff argues that inconsistent testimony of David Collar, whose deposition was

taken on February 2, 2011, and of Michael Collar, whose deposition was taken on March 25, 2011, support FDC's new causes of action for common law fraud and fraudulent inducement. Plaintiff also seeks to amend its complaint to request a jury instruction for spoliation based on evidence obtained through discovery. The deadline for completion of discovery in this case was February 1, 2010, and for filing motions was March 30, 2011. The Court extended the parties' discovery deadline twice by agreed motion. *See* Order dated June 22, 2010 [Doc. # 40]; Order dated October 8, 2010 [Doc. # 42]. The Court extended the parties' motions deadline four times by agreed motion. *See* Order dated June 22, 2010 [Doc. # 40]; Order dated October 8, 2010 [Doc. # 42]; Order dated February 24, 2011 [Doc. # 45]; Order dated March 10, 2010 [Doc. # 50]. Plaintiffs offer no explanation for their failure to seek leave to further extend these deadlines, or, most importantly, the amendment deadline, in light of the information obtained through discovery. Additionally, on May 12, 2011, the Court heard oral argument on the parties' motions for summary judgment. During that hearing the Court instructed the parties as follows: "I would like you to figure out if you want to streamline your claims. You can't add claims but you can limit them or eliminate [some]." *See* Transcript of May 12, 2011 Motion for Summary Judgment Hearing [Doc. # 62], at 34:4-6. The Court also set this case for trial on July 5, 2011. This hearing was six weeks after the deposition of Michael Collar. Plaintiff offers no

explanation for why it did not mention an interest in seeking leave to amend its complaint at this hearing. The first factor, the explanation for the failure to timely move for leave to amend, weighs heavily against the extension Plaintiff now seeks.

In its Motion to Amend, Plaintiff does not address the factors for extension of deadlines under Rule 16 and does not specifically address why the extension it now seeks is important. The Court, however, will assume that the amendments Plaintiff seeks are important, despite the fact that Defendants make strong arguments that there is no basis for FDC's new fraud claims or for a spoliation instruction.

Plaintiff also has not explained any potential unfair prejudice in not allowing the amendment. Moreover, there is no explanation for why the depositions of key participants in the underlying events were not taken much earlier in this case. While the Court theoretically could grant a continuance and reopen discovery, to do so would extend the litigation substantially. The case is already almost two years old, and is set for trial July 5, 2011, less than six weeks from filing of the Motion to Amend. There would be substantial prejudice to Defendants who have not conducted discovery on these new claims or had the opportunity to dispose of these claims via dispositive motions. The Court exercises its discretion to deny a continuance.

Plaintiff has failed to satisfy its burden to establish entitlement to a substantial continuance of the deadline to amend pleadings. As such, Plaintiff's Motion to Amend is not timely. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Extend Time to File Plaintiff's Second Amended Complaint [Doc. # 64] is **DENIED.** It is further

**ORDERED** that Plaintiff's Emergency Motion for Expedited Hearing on Motion to Extend Time to File Plaintiff's Second Amended Complaint [Doc. # 65] is **DENIED as moot.**

SIGNED at Houston, Texas, this 9th day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge